**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000333
15-MAR-2017
08:15 AM**

NO. CAAP-16-0000333

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
PHILIP I. MARTIN, JR., Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(HONOLULU DIVISION)
(Case No. 1DTA-15-03897)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Philip I. Martin, Jr. (Martin) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on April 6, 2016, by the District Court of the First Circuit, Honolulu Division (District Court).[1] The District Court convicted Martin of one count of Operating a Vehicle Under the Influence of an Intoxicant, in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) (Supp. 2016).[2]

On appeal, Martin argues that the District Court wrongly convicted him (1) based on insufficient evidence that he

---

[1] The Honorable William M. Domingo presided.

[2] HRS § 291E-61(a)(1) provides:

> (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
>
> > (1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

was intoxicated at the time he operated the vehicle,[3] (2) based on a clearly erroneous finding that Sergeant Robert Takamiya (Sgt. Takamiya) testified he was responding to a motor vehicle collision when he discovered Martin's vehicle, and (3) where Plaintiff-Appellee State of Hawai'i (State) failed to provide Martin with a written report of matters Sgt. Takamiya testified to at trial, which prevented Martin from preparing an adequate defense.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Martin's points of error as follows.

1. **Sufficient evidence supported an inference that Martin was intoxicated at the time he drove the vehicle.** Testimony at trial established that when the police discovered Martin's vehicle, it was at a street corner with its two passenger-side tires pushed up against the curb, had flat front tires, and had a damaged front bumper and driver's-side mirror. There were fresh skid marks behind the vehicle, and a City and County street sign down the road appeared to have been struck.

When Sgt. Takamiya first saw Martin, Martin appeared to be exiting the vehicle and was halfway out. Martin admitted he had been driving when he hit something, and he did not know what he hit. Three police officers at the scene smelled the odor of an alcoholic beverage coming from Martin, and Sgt. Takamiya saw Martin swaying from side to side, using the car to hold himself up.

Sgt. Takamiya, who conducted Standardized Field Sobriety Tests (SFSTs) of Martin, testified that Martin began performing the Walk-and-Turn test before he was told to start. During the same test, Martin turned and stumbled after completing only six of the nine steps in one direction, and while walking in both directions, missed all heel-to-toe connections, stepped off the line, and raised his arms and swung them between six and

_____

[3] Martin does not contest that he was intoxicated at the time he was stopped by Sgt. Takamiya; rather, he argues that there was insufficient evidence to show that he was intoxicated at the time he operated the vehicle.

2

twelve inches away from his body. The entire time Martin performed the One-Leg-Stand test, he swayed and raised his arms to the side; and during the second portion of the test, he began to hop. Based on Martin's performance on the SFSTs, the sergeant believed Martin was unable to operate a motor vehicle.

In addition, Officer Higa testified that twice when he asked Martin to produce his driver's license, Martin offered him money. Officer Watson testified that after Martin said he had been driving the vehicle, Martin apologized. The District Court could have reasonably inferred from this evidence a consciousness of guilt on Martin's part. "[T]he mind of an alleged offender may be read from his acts, conduct and inferences fairly drawn from all the circumstances." State v. Stocker, 90 Hawai'i 85, 92, 976 P.2d 399, 406 (1999) (citation and internal quotation marks omitted).

The evidence, when considered in the light most favorable to the State, was sufficient to support a reasonable inference that Martin was intoxicated while operating his vehicle. See State v. Kam, 134 Hawai'i 280, 287, 339 P.3d 1081, 1088 (App. 2014) (Appellate courts will give due deference to the right of the trier of fact to determine credibility, weigh the evidence, and draw reasonable inferences from the evidence adduced). See also State v. Toyomura, 80 Hawai'i 8, 11-12, 904 P.2d 893, 896-97 (1995) (sufficient evidence of DUI where officers responding to motor vehicle accident did not witness accident but saw Toyomura fall over concrete barrier and exhibit other indicia of intoxication); State v. Gaston, 108 Hawai'i 308, 309-10, 313, 119 P.3d 616, 617-18, 621 (App. 2005) (sufficient evidence of DUI where officer, responding to car accident, saw evidence of accident and Gaston admitted to having hit a utility pole while driving and exhibited indicia of intoxication).

2. The District Court clearly erred in finding that Sgt. Takamiya testified he was responding to a motor vehicle collision when he discovered Martin's vehicle; however, the error was harmless. The District Court's finding was clearly erroneous because Sgt. Takamiya testified that he was on patrol when he noticed Martin's car. Nevertheless, the error was harmless

because absent the finding, there was sufficient evidence to support the conviction.

3. Martin presents no discernable argument regarding his assertion that his defense was impaired by the State's failure to notify him of matters Sgt. Takamiya would testify to at trial. Martin maintains that he "was surprised at trial" when Sgt. Takamiya provided details "about [Martin] getting out of the car, where [Martin] was standing at the time of his conversation with Sgt. Takamiya, and the condition of the car at the scene." Martin maintains that because he lacked notice of this information prior to trial, he was unable to "properly evaluate the totality of the State's case against him," "formulate a proper cross-examination," or impeach Sgt. Takamiya. Martin has not adequately described the parts of Sgt. Takamiya's testimony he allegedly lacked notice of or how he was prejudiced, and this argument is waived. See Rule 28(b)(7) of the Hawai'i Rules of Appellate Procedure ("Points not argued may be deemed waived."). Alternatively, Martin has cited to no authority to support his argument that the State was required to notify him prior to trial of details in Sgt. Takamiya's testimony that were not included in a written report, and we find none.

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on April 6, 2016, in the District Court of the First Circuit, Honolulu Division, is affirmed.

DATED: Honolulu, Hawai'i, March 15, 2017.

On the briefs:

Mia D. Obciana,
for Defendant-Appellant.

Presiding Judge

Loren J. Thomas,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge

4